UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWSON GUY STEVE, | ) | 3:11-cv-00540-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 23, 2012 |
| | ) | |
| GREG COX, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Katie Lynn Ogden</u>   REPORTER:   <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:  <u> Lawson Guy Steve, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANTS:  <u> Elizabeth Hickman (Telephonically)           </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:30 p.m. Court Convenes.

    **I.**     **Preliminary Matters**

The court addresses plaintiff's recent letter submitted to Ms. Hickman (Dkt. #59). Plaintiff contends that the Nevada Department of Corrections ("NDOC") is withdrawing money from his inmate account, even though Mr. Steve payed the filing fee in full in February 2012 (Dkt. #33).  The court directs Ms. Hickman to investigate with the NDOC whether Mr. Steve has paid his filing fee and to file a notice providing the court with an update as to Mr. Steve's concern regarding deductions taken from his inmate account.  Ms. Ogden is also directed to investigate with the Clerk's Office whether full payment has been received.

    **II.**     **Motion for Court Order Authorizing Notary Public Service (Dkt. #55)**

The court turns to plaintiff's Motion for Court Order Authorizing Notary Public Service (Dkt. #55).  The court notes defendants filed a response that asserts plaintiff was provided with notary services on October 19, 2012.  Mr. Steve confirms that his request for notary service has been satisfied; however, he requests that defendants' counsel arrange a notary service within NDOC for any of plaintiff's future needs for such services.  Ms. Hickman represents that her office will attempt to accommodate Mr. Steve's request; however, she cannot represent that the NDOC will provide notary services for certain.  Based on Ms. Hickman's representation and the

MINUTES OF PROCEEDINGS
3:11-cv-00540-LRH-WGC
Date: October 23, 2012
Page 2

fact that plaintiff's request has been satisfied up to this point in time, plaintiff's Motion for Court Order Authorizing Notary Public Service (Dkt. #55) is **DENIED as moot.**

### III.   Plaintiff's Motion for Leave to Take Depositions (Dkt. #43)

Mr. Steve indicates that he has narrowed his request to take depositions from the following individuals: Greg Cox (defendant); Greg Smith (defendant); Correctional Mail Room Officer Jeffery Moses (witness); and Inmate Banking Services employee "Ms. Brandy" (witness). Mr. Steve, at this time, does not have the full name of "Ms. Brandy" but is in the process of finding the full and correct name.  Ms. Hickman requests that, once the notices of depositions are served, the parties could attempt to determine whether the depositions take place at Southern Desert Correctional Center or if telephonic depositions are appropriate. Mr. Steve indicates he is agreeable to telephonic depositions.

The court finds that Mr. Steve is entitled to take depositions of the named individuals; therefore, plaintiff's Motion for Leave to Take Depositions (Dkt. #43) is **GRANTED**. Ms. Hickman states she will assist in the process of arranging the depositions including coordinating the dates, arranging the recording process, locating a court reporter and serving subpoena(s) if necessary.  Furthermore, Ms. Hickman and Mr. Steve are to discuss and agree upon the logistics of how plaintiff is to authenticate documents used during the depositions. Depositions will be at the expense of plaintiff.   The court notes that, although it is not typical practice for discovery documents to be filed in federal court, the court will allow for the transcription of the depositions to be filed in this matter.

### IV.   Plaintiff's Motion for Enlargement of Time to Complete Discovery (1st Request) (Dkt. #53)

Plaintiff requests, at minimum, an additional forty-five (45) day extension of time after oral deposition for discovery to be completed.  The court is inclined to agree and plaintiff's Motion for Enlargement of Time to Complete Discovery (Dkt. #53) is **GRANTED**.  The extended discovery deadlines are as follows:

- Discovery Deadline: December 31, 2012
- Dispositive Motions Deadline: January 30, 2013
- Proposed Joint Pretrial Order: February 2, 2013

### V.   Plaintiff's Motion to Compel Discovery or to Bar Use of Undisclosed Evidence (Dkt. #44)

The court advises the parties that, to the extent plaintiff's Motion to Compel Discovery

MINUTES OF PROCEEDINGS
3:11-cv-00540-LRH-WGC
Date: October 23, 2012
Page 3

(Dkt. #44) addresses undisclosed evidence, that will be **DENIED**.  The court's ruling is based on the reasoning that such an issue should be addressed when filing the pretrial order.

The court turns to plaintiff's Motion to Compel and asks Mr. Steve to address the requests that are in dispute.  The following requests are taken from plaintiff's Motion to Compel, Dkt. #44, Exhibit F.

    a. **Request No. 7**

The court finds that Request No. 7 is a subject to be addressed in a request for admission.  Ms. Hickman states that the letter in question has been provided by Mr. Steve; however, Ms. Hickman cannot make the representation that the letter is a true, correct and authentic copy of the letter dated April 19, 2011.  Given that plaintiff provided a copy of this letter in question, Request No. 7 is **DENIED as moot**.

    b. **Request No. 9**

Ms. Hickman indicates that the certified envelope is not a document that is in the possession of defendants and therefore cannot produce the document to plaintiff.  The court is unable to order the defendants to produce a document they represent they do not have.  Therefore, plaintiff's Request No. 9 is **DENIED**.

    c. **Request No. 10**

Ms. Hickman indicates that this document is part of Mr. Steve's Institutional File (I-File) and plaintiff may have access to his Judgment of Conviction, to take notes, but may not possess a copy in his cell.  Ms. Hickman states that, if plaintiff wishes to have the Judgment of Conviction be part of his pleadings, he may tag the document and it will be attached in the same manner medical records are.  Ms. Hickman further states that she is willing to assist in making sure the document is submitted to the court.  Therefore, plaintiff's Request No. 10 is **GRANTED** to the extent that plaintiff may have the opportunity to review his Judgment of Conviction, take notes and tag the document should plaintiff wish to have it attached to a pleading; however, plaintiff may not have possession of his Judgment of Conviction in his cell.

To the extent plaintiff requests a copy(s) of fine information in Request No. 10, the request is **DENIED**.  Plaintiff confirms he receives and has copies of his inmate account statements.  (Any request for more specific information as to how inmate banking services determines deductions taken from his inmate account should be addressed in interrogatories.)

MINUTES OF PROCEEDINGS
3:11-cv-00540-LRH-WGC
Date: October 23, 2012
Page 4

    **VI.**    **Additional Discovery Disputes**

    Mr. Steve contends that defendants failed to timely respond to his discovery requests for interrogatories, production of documents and admissions and therefore requests that defendants' responses be waived. Ms. Hickman represents that the responses to all discovery were timely served and that a letter dated July 3, 2012, documents a conversation between Mr. Steve and previous Attorney General Jeff Hoppe indicating an agreement between the parties that the deadline to serve responses would be extended to August 1, 2012. Ms. Hickman asserts that the responses were all mailed to plaintiff by August 1, 2012. In light of Ms. Hickman's representation, plaintiff's request that defendants' responses be deemed waived due to being untimely is **DENIED**.

2:31 p.m. Court Adjourns.

**IT IS SO ORDERED.**

                                                       LANCE S. WILSON, CLERK

                                                       By: _____/s/_____
                                                           Katie Lynn Ogden, Deputy Clerk